208 A.2d 393.

JAMES E. JOHNSON *vs.* ALFRED J. RINGUETTE *d.b.a.*
RINGUETTE'S ESSO SERVICE CENTER.

MARCH 22, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

CONDON, C. J. This is an action of trespass on the case
for negligence which was tried to a jury in the superior court
on the plaintiff's amended declaration to which the defend-

ant pleaded the general issue. After a verdict for the plaintiff in the sum of $5,000 the defendant moved for a new trial on the usual grounds. The trial justice found the verdict to be grossly excessive and granted the motion unless the plaintiff remitted all of such excess in the amount of $2,500, in which case the motion would be denied. The plaintiff duly filed the remittitur and the defendant thereupon excepted to the denial. He has brought the case here by his bill of exceptions to such denial and to the admission in evidence of a medical opinion on the question of the permanency of the plaintiff's injuries.

After the trial in the superior court and while the case was pending in this court, plaintiff died and Frances H. Johnston was duly appointed and qualified as administratrix of his estate. On her motion therefor we allowed her to be substituted as party plaintiff in place of the deceased. In her motion she spells plaintiff's surname as Johnston whereas in the writ and declaration it is Johnson. The discrepancy is of no importance and is mentioned merely to note our attention was directed to it in our examination of the papers in the record.

The amended declaration is in two counts. The first count alleges that:

"* * * in July, 1952, the plaintiff was employed by the defendant to perform certain work and labor at his place of employment, to wit, a gasoline filling station; that the plaintiff was at all times in the exercise of due care; that it then and there became and was the duty of the defendant to furnish a safe place and equipment with which said plaintiff was to perform said work and labor, but notwithstanding the duty aforesaid, and in violation thereof, the defendant did carelessly and negligently furnish an unsafe place and equipment consisting of an air-jack well knowing that the same was in a defective and unsafe condition and unfit for the purpose aforesaid; that by reason of the aforesaid carelessness and negligence of the defendant

aforesaid, the plaintiff was injured when a vehicle on which he was working slipped off the aforesaid defective air-jack and as a result thereof he suffered severe injuries to his left hand and a severe shock to his nervous system, great pain and suffering and permanent injuries which have, and in the future may necessitate the expenditure of large sums of money for hospitalization, medical services, medicines and nursing in an endeavor to cure himself of said injuries, and the plaintiff was deprived of earning large sums of money because of his incapacity to engage in gainful employment, and that he has been otherwise greatly injured and damnified."

The averments of the second count are substantially the same except there is no allegation of the exercise of due care on the part of plaintiff, and further it is expressly alleged therein "that the defendant employed four or more employees and although eligible to accept and come within the provisions of the Workmen's Compensation Act did not elect to become subject thereto * * *."

At the trial the only real controversy between the parties appeared to be whether or not defendant actually had four or more employees at the time of plaintiff's accident. The plaintiff testified that defendant's two sons and two other persons were his fellow employees. The defendant testified that he did not consider his sons as employees and that while he paid them for their work at the gas station such payments were not wages. Thus the resolution of this particular issue in defendant's favor was largely dependent on his credibility.

The trial justice instructed the jury that they were the sole judges of credibility and that where testimony of two witnesses on a specific item was contradictory it was for them to determine which they would believe in the light of the surrounding facts and circumstances in the evidence. To such instruction there was no exception.

In passing upon the motion for a new trial the trial

justice noted that there was testimony that the sons had worked for their father part time, that he carried them on the payroll record, and that there was a conflict in the testimony as to whether they had regular hours of employment. He further observed that since there had been no request by either party for special findings it was impossible to say upon which count the jury based their verdict. In the circumstances he exercised his independent judgment and found that there was sufficient evidence from which the jury could find for plaintiff.

Since the only conflict in the evidence was on the question whether defendant was a qualified employer entitled to elect to come under the workmen's compensation act, we assume that the trial justice's decision sustains the verdict as based on the second count. Apparently defendant makes the same assumption, as his exception to the denial of his motion for a new trial is predicated solely on the contention that the verdict if based on that count is against the law.

He argues that it was incumbent upon plaintiff thereunder to prove not only that he, the defendant, came within the workmen's compensation act because he employed four employees but also that he, the plaintiff, gave notice in writing of the exercise of his option to sue defendant for damages as required by G. L. 1938, chap. 300, art. V, §8. The defendant contends that since such notice was not given he was subject only to a petition for compensation under the act, and that the superior court was without jurisdiction to entertain plaintiff's action for damages.

There is no merit in such contention. The defendant has mistaken the applicable law. On July 22, 1952 when plaintiff was injured, the workmen's compensation act provided that an employer in order to become subject to it was required to file with the director of labor a written statement of acceptance of its provisions. G. L. 1938, chap.

300, art. I, §4. By virtue of sec. 3 thereof such acceptance rendered the provisions of sec. 1 abrogating the common-law defenses of contributory negligence, assumed risk, and negligence of fellow servant inapplicable to actions to recover damages against the employer. Since it is admitted that defendant in the case at bar did not elect to accept the act, he was not entitled to the benefit of sec. 3. On the contrary by virtue of sec. 1 he was left liable to a suit for damages without the benefit of the aforementioned defenses.

It was not necessary for plaintiff to give the notice referred to in chap. 300, art. V, §8, and relied upon by the defendant. That article provides for insurance to secure compensation to the injured workman. But at the time of the accident in the case at bar it applied only to an "employer who has elected to become subject" to the act. Art. V, §1. Later by the enactment of P. L. 1954, chap. 3297, art. I, sec. 4(a), every employer of four or more workmen was made subject to the act and deprived of the former right of election to become subject to it. By the same chapter sec. 8 of art. V was amended to conform to this change. The defendant in the instant case mistakenly relied upon the article as amended in 1954 whereas plaintiff's right to sue was governed by the act as it stood in 1952 prior to the enactment of P. L. 1954, chap. 3297.

On the law as it stood at the time of plaintiff's accident the superior court clearly had jurisdiction to entertain his action for damages against his employer. In such action the employer was without the defense of plaintiff's contributory negligence, negligence of plaintiff's fellow servant and his assumption of the risk of his employment. And plaintiff's right of action was not dependent upon compliance with the proviso of G. L. 1938, chap. 300, art. V, §8. For those reasons the trial justice did not err in rejecting defendant's contention that the verdict was against the

law and in denying his motion for a new trial. His exception to such denial is therefore overruled.

Under his next exception defendant contends that the trial justice erred in permitting Dr. Robert W. Riemer to give his opinion in answer to the following question: "Based on your observation and the history you received on July 22, 1952, plus the things you observed during the course of your treatment to October 7, 1952 plus the complaints subjective and objective and the findings you observed today, do you have an opinion as to whether the condition which you have described as to the index finger, ring finger and middle finger are now permanent or will they improve with the passage of time?" Doctor Riemer had treated plaintiff's injury and during the trial had examined his left hand and had testified to certain subjective and objective symptoms concerning its use. The defendant objected that the question was hypothetical and as such inadmissible in that it did not include the fact that plaintiff had worked with his hand and that the doctor had previously testified that the things enumerated in the question would not be so if he had not worked. The trial justice corrected defendant by pointing out that the doctor's testimony was only that the deformity would be greater if he worked. The trial justice thereupon concluded there was enough stated in the question to render it admissible and that in any event the jury had the benefit of testimony concerning the possibility of the deformity being greater. In the circumstances his decision was not erroneous. *Collins* v. *Gabrielle*, 87 R. I. 235. The doctor then answered the question as follows: "I would say they would be permanent."

Assuming without deciding that the question was really hypothetical, we think the defendant was not prejudiced by the admission of this testimony. See *Atlantic Rayon Corp.* v. *Macedo*, 73 R. I. 157. From our examination of

the transcript we are of the opinion that the question as finally framed did not omit any necessary fact to make it admissible as a hypothetical question. And in any event even though it were lacking in the respect argued for by the defendant, it would not have constituted reversible error insofar as the defendant's liability was concerned but only as to the extent of the damages. On that aspect of the case whatever might have been prejudicial in the admission of the question was not such as to vitiate the verdict even as to the damages, especially in view of the substantial extent to which the trial justice has revised them. This exception is therefore overruled.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict as reduced by the remittitur.

*John L. McElroy* for plaintiff.

*Francis A. Manzi* for defendant.